WF Computer Services
CAROLINA, PR 00984

July 18, 2018

José L Narváez Figueroa
Director Ejecutivo III
Puerto Rico Department of Education
Corrections Building, 4th Floor
Tnte. Cesar González, Esquina Kalaf
Urb. Industrial Tres Monjitas
Hato Rey, PR 00926

Submission of Objections to **REQUEST FOR PROPOSAL (RFP) PRDE-OSIATD-FY2018-001**

*The following is to formally present WF Computer Systems objections to the continuation of REQUEST FOR PROPOSAL (RFP) PRDE-OSIATD-FY2018-001.*

The above referenced RFP was published and presented for publication on June 13, 2018, in which the purpose as stated in the RFP was to select proposals in accordance with the Technology Plan approved by the US Department of Education on May 1st, 2015 (proposal page 1). The objective informed was to provide mobile devices to students and educators, considering lease options for said equipment. According to the RFP, the funding was granted by the Federal Government. According to the RFP, on April 30, 2018, The Department of Education announced new disaster relief funding for schools under the Federal Immediate Aid to Restart School Operations (RESTART). Those funds were awarded to State Educational Agencies (SEAs) with students impacted by Hurricanes Irma and María in 2017. The final purpose was to help defray expenses related to restarting school operations and restoring the normal learning environment for students and families affected by the hurricanes and wildfires. The RFP states that the Puerto Rico Department of Education (PRDE) was awarded $589 million in Restart funding. RFP page 3

The RFP established a timeline for the upcoming events, and were originally presented:

Publication and Release of RFP -June 13, 2018
Deadline for submitting RFP Questions -10am June 22, 2018
Pre-Proposal Proposer Conference –10am -June 28, 2018
Deadline for Submitting Letters of Intent -12noon July, 5, 2018
Deadline for Submitting Proposals -12noon, July 12, 2018
Selection of 3 Proposer Finalists and Presentations and Product Demonstrations by Finalists

It was included in the RFP that late proposals will not be accepted.

WF Computer Services submitted questions related to the RFP according to the information gathered at the original RFP and was present at the Pre-Proposal Proposer Conference, along with several other interested companies. At the end of that meeting, there were more than 20 pages of answers to questions posted by several of the attendants, and it was clearly stated that no extensions would be granted under no circumstances to any of the dates stated and that no changes would be made to the RFP. At that meeting, on at least 3 occasions, the PRDE stated that it did not intend to extend the July 12, deadline. On July 5, 2018, WF Computer presented its letter of intent in accordance with the RFP, and received confirmation by email.

On July, 6, there were some changes, by the PRDE. Addendum number 1, changing several aspects of the RFP, posted at 4:51pm, addendum 2, posted at 1:32pm, regarding the extension of time for the RFP submittal.  This is

WF Computer Services
RFP July 18, 2018

significant, since the deadline passed on people who felt that there was not enough time for complying with the July 12, 2018 date that was repeatedly informed as not changeable.

There were other changes made to the proposal, as stated that has the effect of changing all of the financial requirements that are mandatory for the RFP. Any changes made have an economic impact on the interested parties that need financial procedures that have to be followed. There is no way of knowing the origin of the changes and clarifications later presented by the PRDE, but it was revealed that the deadline extension was made by HP, but the record is not clear as to the date of that request for extension.

In the matter of WF, it must be noted that some of the items included in the proposal are almost identical to the process of the bids that were awarded by the PRDE in bids 2017-009 and 2018-001, and it was asked by WF. The PRDE did not refute the claim that the items were of the same nature. In fact, there was a number used in the RFP that was used in the aforementioned bids. Those bids are significant, since there is an administrative procedure still pending, in which those items now being solicited thru this RFP are the ones that should have been contracted by the PRDE and WF.

The PRDE is aware through the long and arduous process of bids 207-09 and 2018-01 that there were some irregularities in the origination, development and adjudication of those bids. In summary, WF had to literally step by step move along the bid process either thru many meetings, letters, including letter to the Secretary of the Department of Education. The entire process was a collection of many amendments due to the requirement of a cart that could be used for charging devices. The cart selected did not comply with the intelligent charge requirement, Bluetooth technology that was not available, and computers that were very specific. It was well documented by WF in the administrative proceedings.

WF has a strong objection with the RFP as presented, but most importantly, the lease aspect of the RFP as well as the short time to adjust to some of the changes made to the final version of the product, including the unreasonable aspect of requiring several bonds that would require an extreme and undue financial burden on the interested parties that actually severely limits the possibility of better competition  and compliance with the applicable standards and provisions of the "Acquisition, Purchase Bids Rules and Regulations of the PRDE, under its own procedures. Regulation No. 7040, in its article 4, requires the agency to follow the federal rules and regulations under 34 CFR 80.36 for the procurement of goods and services in any process to obtain such goods and services such under the RFP.

WF contends that those procedures have not been met. Let's look at the Federal Regulation:

80.36  Procurement.
(a) States.
<u>When procuring property and services under a grant, a State will follow the same policies and procedures it uses for procurements from its non- Federal funds</u>. The State will ensure that every purchase order or other contract includes any clauses required by Federal statutes and executive orders and their implementing regulations.

Other grantees and sub-grantees will follow paragraphs (b) through (i) in this section.

(b) Procurement standards.
(1) Grantees and sub-grantees will use their own procurement procedures which reflect applicable State and local laws and regulations, provided that the procurements conform to applicable Federal law and the standards identified in this section.
(2)  Grantees and sub-grantees will maintain a contract administration system which ensures that contractors perform in accordance with the terms, conditions, and specifications of their contracts or purchase orders.

WF Computer Services
RFP July 18, 2018

(3)  Grantees and sub-grantees will maintain a written code of standards of conduct governing the performance of their employees engaged in the award and administration of contracts.  No employee, officer or agent of the grantee or sub grantee shall participate in selection, or in the award or administration of a contract supported by Federal funds if a conflict of interest, real or apparent, would be involved.

(c) Competition.
(1)  All procurement transactions will be conducted in a <u>manner providing full and open competition consistent with the standards of §80.36</u>.  Some of the situations considered to be restrictive of competition include but are not limited to:
(i)  Placing unreasonable requirements on firms in order for them to qualify to do business,
(ii)  <u>Requiring</u> unnecessary experience and <u>excessive bonding</u>,
(iii) Noncompetitive pricing practices between firms or between affiliated companies,
(iv) Noncompetitive awards to consultants that are on retainer contracts,
(v) Organizational conflicts of interest,
(vi) Specifying only a ''brand name'' product instead of allowing ''an equal'' product to be offered and describing the performance of other relevant requirements of the procurement, and
(vii) Any arbitrary action in the procurement process.

(3)  Grantees will have written selection procedures for procurement transactions.  These procedures will ensure that all solicitations:
(i) Incorporate a clear and accurate description of the technical requirements for the material, product, or service to be procured. Such <u>description shall not, in competitive procurements, contain features which unduly restrict competition.</u>

(d) Methods of procurement to be followed
…
(3) Procurement  by  competitive  proposals.
The technique of competitive proposals is normally conducted with more than one source submitting an offer,  and  either  a  fixed-price  or  cost reimbursement type contract is awarded. It is generally used when conditions are not appropriate for the use of sealed bids.  If this method is used, the following requirements apply:
(i) Requests for proposals will be publicized and identify all evaluation factors and their relative importance. Any response to publicized requests for proposals shall be honored to the maximum extent practical;
(ii) Proposals will be solicited from an   adequate   number   of   qualified   sources;
(iii) Grantees and sub-grantees will have a method for conducting technical evaluations of the proposals received and for selecting awardees;
(iv) Awards will be made to the responsible firm whose proposal is most advantageous to the program, with price and other factors considered; and
(v) Grantees and sub-grantees may use competitive proposal procedures for qualifications-based procurement of architectural/engineering (A/E) professional services whereby competitors' qualifications are evaluated and the most qualified competitor is selected, subject to negotiation of fair and reasonable compensation. The  method, where price is not used as a selection factor, can only be used in procurement of A/E professional services.

There are other regulations applicable such as <u>All</u> costs have to be necessary for the performance or administration of the Federal grant 34 C.F.R. 80.22/ 34 C.F.R. 74.27 All procurement transactions shall be conducted in a manner to provide, to the maximum extent practical, open and free competition 34 C.F.R. 74.43 and any organizational conflicts of interest and noncompetitive practices that may restrict or eliminate competition or restrain trade . 34 C.F.R. 74.43.

WF Computer Services
RFP July 18, 2018

All of the aforementioned regulations clearly support our contention that this Request for Proposal, in its actual state does not comply with the regulations and should be discontinued or cancelled. At the very least it should be amended substantially in accordance to the recommendations of the attendees of the June 22, 2018 meeting. It should also protect the rights of the bids 2017-009 and 2018-01.

The acquisition of public goods using informal process such as the RFP, by government agencies has been recognized by the Puerto Rico Supreme Court, R&B Power v ELA, 149 DPR 836 and others, but the Court has also said that the expenditures of public monies is of great public interest and agencies must have an open, honest process and safeguard among other things the public trust. Marian Costa Azul v Comisión, 2007 TSPR 78, Caribbean Communications v Policía de P.R. 2009 TSPR 147.

It is apparent that the RFP in question limits the opportunity of long standing companies that are interested in finishing the RFP due to the late changes in product an addendums which turn the whole financial requirements upside down. That along with the fact that the lease is in fact an excessive bond in this process limits the availability of long standing companies with international success.

The PRDE must reconsider its insistence of limiting the dates for the procurement of this RFP and limitations such as bonds, as well as the use of a lease, that is not in accordance with the best fiscal practices, since most companies that attended the Pre-Proposal Conference provide 3 year guarantee for their product, making a lease unnecessary. The continuation of the RFP causes irreparable harm to WF, as well as other possible participants, basically excluding them from participating in further contractual with the PRDE, since the selected proposers would have a tight grip on the PRDE.

Since this RFP is based on Regulation Number 7040, it must be noted, that the procedures used are not appropriate and even the RFP process is not in accordance with the regulation. Sections 13.1.1 in regards to informal bids or 13.3.3 for specialized items under Regulation 7040; were not used or followed in a way that allows a company that should have been legally under contract with the PRDE a fair share at competing on this RFP for other items. In fact, the RFP does not even include language according to the Law of Uniform Administrative procedures, Law 38, 2017 with regards to the rights guaranteed to the interested parties regarding administrative or legal revisions.

It is respectfully requested that the RFP be resubmitted for proper consideration excluding the items previously discussed under bids 2017-009 and 2018-001.

Respectfully,

Rodolfo G. Ocasio, Esq.
WF Computer Services

| Cc: | Inspectors General's Hotline | Marie Ortiz Sánchez |
| --- | --- | --- |
| | US Department of Education | Oficial Principal de Informática |
| | Hon Julia Keleher | Lcda. Yanín Dieppa Perea |
| | Secretaria | Oficina Federal |
| | Edmary Díaz Cruz | Lcda. Grettel Cathiard Alzola |
| | Junta Subastas | División Legal |
| | María C Christian Herrero | Lcda. Norma Rolón |
| | Sub-Directora Asuntos Académicos | Compras |

WF Computer Services
CAROLINA, PR 00984