IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WF COMPUTER SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 18-CV1513 (JAG) |
| | ) ACTION FOR |
| COMMONWEALTH OF PUERTO RICO | ) DECLARATORY |
| PUERTO RICO DEPARTMENT OF EDUCATION | ) AND |
| JULIA KELEHER IN HER OFFICIAL | ) INJUNCTIVE |
| CAPACITY AS | ) RELIEF |
| SECRETARY FOR THE | ) |
| PUERTO RICO DEPARTMENT OF EDUCATION | ) |
| COMMONWEALTH OF PUERTO RICO | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

### INTRODUCTION

Plaintiff WF Computer Services, Inc., respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an AMENDED COMPLAINT, a copy of which is attached hereto. The new complaint maintains the counts and allegations against the same defendants from the original complaint, and includes others, but maintaining the same cause of action and remedy requested against the Defendants. Some of the accounts for the significant factual and procedural developments that have occurred since the original complaint were filed, starting with the fact that there was a request by the Commonwealth of Puerto Rico to answer the Complaint, the failure of the defendants Kelleher and PRDE to answer the Original Complaint and by having the PRDE continue the same conduct to deprive the plaintiff of a proper remedy on the matter addressed in the complaint. As of the time of filing, Defendants had not consented to the filing. Accordingly, Plaintiff seeks the Court's leave to amend, which should be granted for the reasons set forth below.

# STATEMENT OF FACT

Plaintiff filed a complaint for temporary restraining order and preliminary injunction in this Court, alleging deprivation of rights under section 42 U.S.C.A. 1983 for declaratory and temporary, preliminary, and permanent injunctive relief and damages for improprieties in a solicitation of bids by the co-Defendants, Department of Education (PRDE) as part of the Commonwealth (ELA), taking no action in a bid dispute resolution and defective solicitation Request for Proposals under articles the Law of Uniform Administrative Proceedings and its interpretative cases, 3 L.P.R.A. secs. 2151, 2169, the PRDE's regulations as wells as federal procurement regulations applicable to the PRDE. The suit is seeking to stop, *inter alia*, a continuing pattern of irregular, defective and illegal conduct by defendants PRDE through its divisions, arising out of the PRDE's handling of bids that were disputed by the Plaintiff, WF Computer Service, Inc., (WF) and a later Request for Proposal (hereafter, the "RFP") prepared by the PRDE that affects the plaintiffs rights to have access to free and open bid selection process and awards from that process as well as a fair and equitable chance to participate in the aforementioned RFP, and intending to use that RFP to eliminate the contract that should be awarded to WF. This action is seeking to stop, *inter alia*, a continuing pattern of irregular procedures in the internal process of bid adjudication and resolution, and the continuation of the *REQUEST FOR PROPOSAL (RFP) PRDE-OSIATD-FY2018-002*.

At this time, there has been no discovery and there has been no scheduling order.

# ARGUMENT

## PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give

---

[7] *Id.* at *5, n.3 (citing *Knox v. Service Employees*, 567 U.S. ___, ___ (2012) (slip op. at 7) and *FTC v. Whole Foods Market, Inc.*, 548 F.3d 1028, 1033-34 (D.C. Cir. 2008) (Brown, J.)).

leave when justice so requires."[8] The decision whether to grant leave to amend a pleading is within the sound discretion of the district court,[9] but as this Court has aptly recognized, "this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'"[10] Therefore, a justifying reason must be apparent for denial of a motion to amend.[11] "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[12]

In light of the significant factual and procedural developments since Plaintiffs filed suit, good cause for amending the Complaint is immediately apparent. Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's motion.

---

[8] As no scheduling order has been issued in this case, Federal Rule of Civil Procedure 16(b), which governs modifications to pretrial scheduling orders, is not applicable.
[9] *Florida Foundation Seed Producers, Inc. v. Georgia Farms Services, LLC*, No. 1:10-CV-125, 2012 WL 4840809, at *21 (M.D. Ga. Sept. 28, 2012) (Sands, J.) (citing *Nat'l. Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982)).
[10] *Id.* (quoting *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988)).
[11] *Id.* (citing *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993)). A court may consider such factors as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[12] *Id.* (citing *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) (internal quotation marks omitted))

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed amended complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case.  In so doing, the action can more effectively proceed on the merits.

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment.  The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories.  Defendants cannot be prejudiced, or caught off guard, by the new facts alleged by the Commission in the proposed amendment, since the Defendants have first-hand knowledge of the roles that they played in the transaction at issue and the appellate proceedings described therein.  The proposed amended complaint does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories.  No prejudice would result to Defendants in allowing the amendment under these circumstances.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible.   Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper. In fact, it is more economical, since it avoids filing of a new complaint for basically the same reasons.

Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended complaint.  The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

CONCLUSION

For the reasons identified above, WF requests that the Court grant Plaintiff's motion for leave to file the proposed amended complaint.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, on October 11, 2018.

>
> RODOLFO G. OCASIO BRAVO
> PMB 188
> #5900 ISLA VERDE AVE. L2
> CAROLINA, PR 00979-4901
> 787-448-1244
> licenciadoocasiobravo@gmail.com
>
> By: *S/* RODOLFO G. OCASIO BRAVO
> U.S.D.C. No. 213208
> Attorney for WF Computer Services

_____