**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WF COMPUTER SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )CIVIL NO.18-1513 |
| | )ACTION FOR |
| COMMONWEALTH OF PUERTO RICO | ) DECLARATORY |
| PUERTO RICO DEPARTMENT OF EDUCATION | ) AND |
| JULIA KELEHER IN HER OFFICIAL | ) INJUNCTIVE |
| CAPACITY AS | ) RELIEF |
| SECRETARY FOR THE | ) |
| PUERTO RICO DEPARTMENT OF EDUCATION | ) |
| COMMONWEALTH OF PUERTO RICO | ) |
| Defendants. | ) |

<u>**VERIFIED COMPLAINT**</u>

COMES NOW Plaintiff WF COMPUTER SERVICE, INC, by and

through its undersigned counsel and for its Complaint against defendants

COMMONWEALTH OF PUERTO RICO,  PUERTO RICO

DEPARTMENT OF EDUCATION, JULIA KELEHER IN HER

OFFICIAL CAPACITY AS SECRETARY FOR THE PUERTO RICO

DEPARTMENT OF EDUCATION PUERTO RICO, very respectfully

states, alleges, and requests as follows:

## I. <u>INTRODUCTION</u>.

This is a civil action of a federal question for deprivation of rights under section

42 U.S.C.A. 1983 for declaratory and temporary, preliminary, and permanent

injunctive relief and damages for improprieties in a solicitation of bids by the co-

Defendants, Department of Education (PRDE) as part of the Commonwealth (ELA), taking no action in a bid dispute resolution and defective solicitation Request for Proposals under articles the Law of Uniform Administrative Proceedings and its interpretative cases, 3 L.P.R.A. secs. 2151, 2169, the PRDE's regulations as wells as federal procurement regulations applicable to the PRDE. The suit is seeking to stop, *inter alia*, a continuing pattern of irregular, defective and illegal conduct by defendants PRDE through its divisions, arising out of the PRDE's handling of bids that were disputed by the Plaintiff, WF Computer Service, Inc., (WF) and a later Request for Proposal (hereafter, the "RFP") prepared by the PRDE that affects the plaintiffs rights to have access to free and open bid selection process and awards from that process as well as a fair and equitable chance to participate in the aforementioned RFP, and intending to use that RFP to eliminate the contract that should be awarded to WF.  This action is seeking to stop, *inter alia*, a continuing pattern of irregular procedures in the internal process of bid adjudication and resolution, and the continuation of the *REQUEST FOR PROPOSAL (RFP) PRDE-OSIATD-FY2018-002.* (Hereafter RFP#2).

The PRDE has established a course of action that has derailed the use of Federal Funds assigned to education projects and the procurement of goods and services as materials to guarantee better education for the children under the scrutiny of the PRDE. The Federal funds are a way of providing means to insure that students under the PRDE have the better education and a chance to fulfill the American Dream.

The way the PRDE through its Bid process and way of handling the acquisition

of goods and services has failed in showing an organized comprehensive system of guaranteeing that the Federal Funds requested by the PRDE actually are used properly and guaranteeing an equitable process that can maximize the funds allotted and have more materials and for a better competitive market price, while allowing local businesses to actively participate in the process.

 The PRDE initially used Federal funds to open a bid selection process SF(OC) 2017-009 for among others, the acquisition of laptop computers and portable charging stations (carts) to be used in schools throughout the island. It left the door open for a bigger contract.

   The PRDE opened  on July 13, 2017 an invitation for bid selection process SF(OC) 2017-009 made by the Junta de Subastas Central del Departamento de Educación or the PRDE Central Bid Board (hereafter, the "JSC"). After many questions and requests for amendments made by WF, the bid was opened on august 14, 2017 and adjudicated on October 20, 2017.  The bid included several items, and on items 4 and 5 it was requested portable charging units for computers and laptops. Those items are contested and relevant to this cause of action. That part of the bid was awarded to Computerlink. WF Contested the process using the internal administrative process by November 2017, resulting in questionable decisions of the PRDE.

          The PRDE then opened on December 13, 2017, an invitation for a bid selection process SF(OC) 2018-001 made by the JSC that was for the Sale of Technological Equipment, Computer Tables, Chairs for the Tables, Electronic Books and Databases**.** WF participated in that bid process. On March 23 of 2018, JSC

emitted and adjudication of those items. WF was not satisfied with the aforementioned bid adjudication specifically on items number 4 and 5. WF used the administrative process and presented an administrative revision on, April 11, 2018. On April 16, 2018, WF received notice of the Junta de Revision Administrativa or Administrative Revision Board (hereafter, the "JRev") accepting the requested appeal and requesting the files by the JSC. On April 20, 2018, JSC filed its opposition, and on May 11, 2018, WF filed an opposition to that document and one of the bidders. WF contends that it has the better offer.

On that same day, May 11, 2018, JSC informed of the cancelation for the aforementioned bids. WF presented its opposition. The cancelation request by the JSC was due to the petition made by Maria Christian, PRDE's Sub-Secretary for Academic Affairs.

In fact, the PRDE actually cancelled the adjudication of two bids, using the same process. Maria Christian wrote to the JSC requesting that the bids be cancelled due to delays in the bids process, due to the Hurricanes Irma and Maria and that there would not be enough time to train the teachers, and deliver the materials needed. WF contends the reasons provided by the PRDE are not based on the facts and the law.

On June 13, 2018 the PRDE published a *REQUEST FOR PROPOSAL (RFP) PRDE-OSIATD-FY2018-001.* (hereafter RFP#1) The purpose as stated in the RFP was to select proposals in accordance with the Technology Plan approved by the US Department of Education. The objective informed was to provide mobile devices

to students and educators, considering lease options for said equipment. According to the RFP, the funding was granted by the Federal Government. According to the RFP, on April 30, 2018, The Department of Education announced new disaster relief funding for schools under the Federal Immediate Aid to Restart School Operations (RESTART). Those funds were awarded to State Educational Agencies (SEAs) with students impacted by Hurricanes Irma and María in 2017. The final purpose was to help defray expenses related to restarting school operations and restoring the normal learning environment for students and families affected by the hurricanes and wildfires. The RFP states that the Puerto Rico Department of Education (PRDE) was awarded $589 million in Restart funding. The contact or person in charge is an associate member of the JSC.

The RFP established a timeline for the upcoming events, and were originally presented:

> Publication and Release of RFP -June 13, 2018
> Deadline for submitting RFP Questions -10am June 22, 2018
> Pre-Proposal Proposer Conference –10am -June 28, 2018
> Deadline for Submitting Letters of Intent -12noon July, 5, 2018
> Deadline for Submitting Proposals -12noon, July 12, 2018
> Selection of 3 Proposer Finalists and Presentations and Product
> Demonstrations by Finalists

The RFP requires very detailed analysis due to the many components and requirements in it.

WF Computer Services, along with other interested parties submitted questions related to the RFP according to the information gathered at the original RFP and was present at the Pre-Proposal Proposer Conference, along with several other

interested companies. The meeting intended to bring solutions by the experts in the field, usually helps the agency in modifying its goal and guaranteeing the best offers at a fair market value. This usually happens by prompt changes in the procurement request. This was not the case, even though the attendees alerted that the leasing part of the RFP was substantial and that it needed more time to elaborate and development due to the early termination clauses in the RFP. At the end of that meeting, there were more than 20 pages of answers to questions posted by several of the attendants, and it was clearly stated that no extensions would be granted under no circumstances to any of the dates stated and that no changes would be made to the RFP. At that meeting, on at least 3 occasions, the PRDE stated that it did not intend to extend the July 12, deadline. On July 5, 2018, WF Computer presented its letter of intent in accordance with the RFP, and received confirmation by email.

On July, 6, there were some changes, to the RFP, by the PRDE. The PRDE published Addendum number 1, addendum 2, regarding the extension of time for the RFP submittal.  This is significant, since the deadline passed on people who felt that there was not enough time for complying with the July 12, 2018 date that was repeatedly informed as not changeable.

There were other changes made to the proposal, as stated that has the effect of changing all of the financial requirements that are mandatory for the RFP. Any changes made have an economic impact on the interested parties that need financial procedures that have to be followed. There is no way of knowing the origin of the changes and clarifications later presented by the PRDE, but it was revealed that

the deadline extension was made by HP, but the record is not clear as to the date of that request for extension.

WF presented its objections to the continuation of the RFP prior to the deadline presented by the PRDE, as well as corresponding Briefs in the Puerto Rico Appellate Circuit Court on July 20, 2018.

In the matter of WF, it must be noted that some of the items included in the proposal are almost identical to the process of the bids that were awarded by the PRDE in bids 2017-009 and 2018-001. WF posted that question, at the meeting and the PRDE did not refute the claim that the items were of the same nature. In fact, there was a number used in the RFP that was used in the aforementioned bids. Those bids are significant, since there is an administrative procedure still pending, in which those items now being solicited thru this RFP are the ones that should have been contracted by the PRDE and WF. WF felt that there was undue favoritism.

The PRDE is aware through the long and arduous process of bids 2007-009 and 2018-001 that there were some irregularities in the origination, development and adjudication of those bids. In summary, WF had to literally step by step move along the bid process either thru many meetings, letters, including letter to the Secretary of the Department of Education. The entire process was a collection of many amendments due to the requirement of a cart that could be used for charging devices. The cart selected did not comply with the intelligent charge requirement, Bluetooth technology that was not available, and computers that were very specific. It was well documented by WF in the administrative proceedings.

OnAugust 17, 2018 the PRDE published a *REQUEST FOR PROPOSAL (RFP) PRDE-OSIATD-FY2018-002.* (hereafter RFP#2) The purpose as stated in the RFP was to select proposals in accordance with the Technology Plan approved by the US Department of Education. The objective informed was to provide mobile devices to students and educators, considering lease options for said equipment. According to the RFP, the funding was granted by the Federal Government. According to the RFP, on April 30, 2018, The Department of Education announced new disaster relief funding for schools under the Federal Immediate Aid to Restart School Operations (RESTART). Those funds were awarded to State Educational Agencies (SEAs) with students impacted by Hurricanes Irma and María in 2017. The final purpose was to help defray expenses related to restarting school operations and restoring the normal learning environment for students and families affected by the hurricanes and wildfires. The RFP states that the Puerto Rico Department of Education (PRDE) was awarded $589 million in Restart funding. The contact or person in charge is an associate member of the JSC.

The RFP established a timeline for the upcoming events, and were originally presented:

> Publication and Release of RFP –August 17, 2018
> Deadline for submitting RFP Questions –September 4, 2018
> Pre-Proposal Proposer Conference –September 7, 2018
> Deadline for Submitting Letters of Intent –September 14, 2018
> Deadline for Submitting Proposals –September 28, 2018
> Selection of 3 Proposer Finalists and Presentations and Product
> Demonstrations by Finalists

The RFP#2 requires very detailed analysis due to the many components and requirements in it.

WF Computer Services, along with other interested parties submitted questions related to the RFP according to the information gathered at the RFP#2 and was present at the Pre-Proposal Proposer Conference, along with several other interested companies. The meeting intended to bring solutions by the experts in the field, usually helps the agency in modifying its goal and guaranteeing the best offers at a fair market value. This usually happens by prompt changes in the procurement request. This was not the case, even though the attendees alerted that there were many parts that needed more time to elaborate and that there was no clear indication as to the direction and guarantees of the contracting aspect of the RFP as well as with the discussion of billing and the organization of the project. At the end of that meeting, there were more than 20 pages of answers to questions posted by several of the attendants, and it was clearly stated that no extensions would be granted under no circumstances to any of the dates stated and that no changes would be made to the RFP. At that meeting, and ion the questions presented, the PRDE again stated that it did not intend to extend the Submittal deadline. On September 14, 2018, WF Computer presented its letter of intent in accordance with the RFP#2, and received confirmation by email.

On July, 6, there were some changes, to the RFP#1, by the PRDE. The PRDE published Addendum number 1, addendum 2, regarding the extension of time for the RFP submittal.  This is significant, since the deadline passed on people who

felt that there was not enough time for complying with the July 12, 2018 date that was repeatedly informed as not changeable.

There were other changes made to the proposal, as stated that has the effect of changing all of the financial requirements that are mandatory for the RFP. Any changes made have an economic impact on the interested parties that need financial procedures that have to be followed. There is no way of knowing the origin of the changes and clarifications later presented by the PRDE, but it was revealed that the deadline extension was made by HP, but the record is not clear as to the date of that request for extension.

WF presented its objections to the continuation of the RFP prior to the deadline presented by the PRDE, as well as corresponding Briefs in the Puerto Rico Appellate Circuit Court on July 20, 2018.

With regards to the RFP #2, the PRDE also made several changes, to the dates, and requirements, until finally setteling on the October 12, 2018 deadline.

WF has a strong objection with the RFP as presented, but most importantly, there was no consideration in having the PRDE using its own regulations to properly run this RFP, and clearly ignoring the law, and requiring an extensive, including the unreasonable aspect of requiring several bonds that would require an extreme and undue financial burden on the interested parties that actually severely limits the possibility of better competition  and compliance with the applicable standards and provisions of the "Acquisition, Purchase Bids Rules and Regulations of the PRDE, under its own procedures. Regulation No. 7040, in its article 4, requires the

agency to follow the federal rules and regulations under 34 CFR 80.36 for the procurement of goods and services in any process to obtain such goods and services such under the RFP#2.

WF contends that those procedures have not been met and that regulations were not followed. In fact, the RFP completely destroys the reasons given by Maria Christian in order to request that bids 2017-009 and 2018-001 be cancelled. The RFP will use some of the same funds originally set and will have a more time limited scope in the same Federal Fiscal year.

There are other regulations applicable such as <u>all</u> costs have to be necessary for the performance or administration of the Federal grant 34 C.F.R. 80.22/ 34 C.F.R. 74.27 All procurement transactions shall be conducted in a manner to provide, to the maximum extent practical, <u>open and free competition</u> 34 C.F.R. 74.43 and any organizational conflicts of interest and noncompetitive practices that may restrict or eliminate competition or restrain trade . 34 C.F.R. 74.43.

All of the aforementioned regulations clearly support our contention that this Request for Proposal, in its actual state does not comply with the regulations and should be discontinued or cancelled. It should also protect the rights of the bids 2017-009 and 2018-001.

It is apparent that the RFP#2 in question limits the opportunity of long standing companies that are interested in finishing the RFP due to the late changes in product an addendums which turn the whole financial requirements upside down. That

along with the fact that the manner of the evaluation is not condusive to provide better competition.

The PRDE must reconsider its insistence of limiting the dates for the procurement of this RFP and limitations such as bonds, that is not in accordance with the best fiscal practices, since most companies that attended the Pre-Proposal Conference provide 3 year manufacturer's guarantee for their product.  The continuation of the RFP causes irreparable harm to WF, as well as other possible participants, basically excluding them from participating in further contractual with the PRDE, since the selected proposers would have a tight grip on the PRDE.

Since this RFP is based on Regulation Number 7040, it must be noted, that the procedures used are not appropriate and even the RFP process is not in accordance with the regulation. Sections 13.1.1 in regards to informal bids or 13.3.3 for specialized items under Regulation 7040; were not used or followed in a way that allows a company that should have been legally under contract with the PRDE a fair share at competing on this RFP for other items.  Since WF presented a formal protest on July 19, 2018 requesting curative measures by the PRDE on the RFP, and no answer has been presented, the only recourse is this proceeding before this Honorable Court.   WF in fact presented objections pointing out Solicitation defects in the RFP.

Only this Honorable Court can intervene to prevent the imminent damage to WF and the integrity of the bide selection process, with ion companies, Plaintiff WF, a company with more than 16 years of experience in computing, with an unblemished record.

Not only will defendant's actions and inactions cause irreparable damage to WF's

impeccable reputation in Puerto Rico; they are designed to defraud WF's of earnings which are entitled by compelling it to engage in an endless legal process.

WF has a long history of working with several agencies and municipalities and administrators and this RFP essentially takes WF and other companies out of reasonably competing for future contracts with the PRDE and allowing a defacto monopoly to arise.

Only by granting an injunction against the defendants can this Honorable Court interrupt the irregular and illegal and fraudulent actions of WF and its owner with an enviable record of successful projects in Puerto Rico.

## II.  THE PARTIES AND RELATED ENTITIES.

1.  Plaintiff WF Computer Services (hereafter "WF"), is a corporation organized and existing under the laws of Puerto Rico, with its principal place of business at Avenida Campo Rico, GP-2, Carolina, Puerto Rico 00984, and its mailing address at P.O. Box 3147, Carolina, Puerto Rico 00984-3147. WF is an authorized dealer of Lenovo, a well known and established brand used in many Education Departments in several states.

2.  **Exhibit 1** hereto is an original copy of the current corporate brochure for WF.

3.  William Figueroa is the owner and manager of that company since its foundation with over 16 years experience in the area of selling, distributing, and repairing computer systems, networks and its related products, i.e. software, etc. He has vast experience in working with governmental agencies.

4.  Defendant Commonwealth of Puerto Rico (herafter, "ELA") is, is the legal entity that governs the island of Puerto Rico and its citizens, a territory of the United States. It can sue and be sued.

5.   Defendant Julia Keleher is the Secretary for the Department of Education, part of the Government of Puerto Rico and ELA.

6. Defendant Puerto Rico Education Department is a legal entity under the Constitution and laws of said Commonwealth, Law Number 85 of March 29, 2018, formerly Law 149, of June 30, 1999.

7.   Central Bid Board or Junta de Subastas Central (JSC) is a legal entity under the PRDE, and regulation 7040 which is the legal basis for all acquisitions for goods and services for the PRDE. Its members are selected by the Secretary of the PRDE.

8.   Carlos Santiago Santiago is the president of JSC

9.   Nanette Jimenez Osorio is an associate member of JSC.

10.   Yanira Raices Vega is an associate member of JSC.

11.   Raul Colon Torres is an associate alternate member of JSC.

12.   Flory de Jean Aponte is an associate member of JSC.

13.   Melvin Vazquez Roche is an associate alternate member of JSC.

14.   Jose L. Narvaez Figueroa is an associate member of JSC and the Director for Computing at the PRDE.

15.   Edmary Diaz is the interim director of the JSC.

16.   Maria C. Christian Herrero is the Sub-director for Academic Affairs. It is a position under the Secretary of the PRDE under article 5.04 of Law 149.

17. Marie Ortiz Sanchez is the Chief Informatio Officer of the PRDE that submits the RFP.

18.  ConnectED Consulting Services LLC is according to its own website, a company that has services that include Procurement and Competitive bidding as well as many other services. .

19. ConnectED is led by Elaine L. Williams.

20. ConnectED is apparently undercontract by the PRDE.

### III.  <u>JURISDICTION AND VENUE</u>.

21.  This Honorable Court has subject matter jurisdiction over the instant controversy pursuant to 28 U.S.C. § 1331 inasmuch as the Plaintiffs has alleged and will establish his cause of action and since is a matter arising under the Constitution, and laws of the United States. Section 1983 of Title 42 is such a law. Procurement guarantees under 41 U.S.C. § 1708, 31 U.S.C § 553

22.  Venue is properly laid in this Honorable Court pursuant to 28 U.S.C. § 1391 inasmuch as Plaintiff's claim arose in this district since it was this judicial district in which the matters sought to be enjoined are to occur.

### IV.  <u>FACTS COMMON TO ALL CAUSES OF ACTION</u>.

**A.  The Bid Process.**

23.  The allegations contained in paragraphs 1 through 29 of this Verified Complaint are incorporated herein as if again fully set forth by Plaintiff WF.

**1. <u>Bid 2017-009</u>.**

24.  The PRDE opened  on July 13, 2017 an invitation for bid selection process  SF(OC) 2017-009 made by the JSC.

25.  The SF(OC) 2017-009 was for several items, including, the acquisition of laptop computers and portable charging stations (carts) to be used in schools throughout the island.

26.  The PRDE opened on July 13, 2017 an invitation for bid selection process.

27.  After many questions and requests for amendments made by WF, the bid was opened on August 14, 2017 and adjudicated on October 20, 2017.

28.  The bid included several items, and on items 4 and 5 it was requested portable charging units for computers that could be compatible with the laptops on item number 5 of that bid.

29.     WF participated on several items up for bids, and those were 3,4,5,6,7 and 8. WF was awarded item 3, while the bids for 4,5,6,7 and 9 were awarded to Computerlink.

30.     WF disputed the bids awarded by November 2017. WF contested specifically items 4 and 5, relating to the portable charging carts and the laptops computers requested.

31.     After motions from JSC and other parties, before JRev, there was no movement until May 11, 2018, where JSC informed of the cancelation for the aforementioned bid.

32.     The cancelation request by the JSC was due to the petition made by Maria Christian, PRDE's Sub-Secretary for Academic Affairs made on May 7, 2018.

33.     Maria Christian wrote to the JSC requesting that the bids be cancelled due to delays in the bids process, due to the Hurricanes Irma and Maria and that there would not be enough time to train the teachers, and deliver the materials needed.

34. The JSC wrote on May 11, 2018 that the bids awarded would be cancelled alleging that the acquiring party had requested the cancelation.

35. It must be pointed out that even though this bid started on July, it was awarded on

October 20, 2017, only a month after the Hurricanes passed through the island.

36. The reasons stated on that letter do not hold water, when a later bid, 2018-001 included similar items. Those will come later in the discussion. That letter, without any other evidence is the only reason for the cancelation. This decision of the PRDE is without any opportunity to have any type of hearing on the matter and without giving WF a chance contradict that evidence.

37. The cancelation was made only after WF was diligently using administrative processes to prove that the adjudication of parts #4 and 5 of that bid was erroneously awarded to another bidder.

38. As it stood, the administrative process in that bid was such that on the last day that the internal organism of the PRDE, JRev. had to actually make a decision on that part of that bid, JSC notified JRev. that the bid was cancelled.

39. During May of 2018, defendant Keleher publically also pointed out that the federal funds would not be lost, they would carry over to the next school year, making the cancelation of the bid questionable. In fact, it should have been informed to all of the parties before incurring in many costs.

### 2. Bid 2018-001

40. The PRDE then opened on December 13, 2017, an invitation for a bid selection process SF(OC) 2018-001 made by the JSC that was for the Sale of Technological Equipment, Computer Tables, Chairs for the Tables, Electronic Books and Databases.

41.     WF participated in that bid process. It specifically participated on number 4 and 5 of that bid. Number 4 was for a laptop computer to be used in coordination with a mobile

charging cart, and number 5 was for the charging carts for those laptops.

42.     On March 23 of 2018, JSC emitted and adjudication of those items. WF was the lowest bidder for the laptops by $55,000 less than the winning bidder and $20,000 more than the winning bidder on the charging carts. The result is net savings for the PRDE of $35,000.

43.     WF was not satisfied with the aforementioned bid adjudication specifically on item number 4 and 5, so it decided to use the administrative process and presented an administrative revision on, April 11, 2018.

44.     In that part of the bid, Windows is the operating system used by the HP computers used and proposed by Computerlink, as well as the Lenovo computers proposed by WF, has the same limitation, Windows did not have a 4.2 update at the time of the bid. WF was open in establishing that difference, along with other bidders, making them to the eyes of the JCS unqualified.

45.     The JCS made a decision to grant that part of the bid, without taking into account that it was impossible for any bidder to guarantee that the 4.2 system was installed in their computers at the time of the bid. It was clear that the capacity to use that technology was in the computers, but it would only be relevant when the update was delivered by Microsoft. Once delivered, it could easily be installed by WF.

46.     On April 16, 2018, WF received notice from JRev accepting the requested appeal and requesting the files by the JSC.

47.     On April 20, 2018, JSC filed its opposition.

48.     On May 11, 2018, WF filed an opposition to that document and one of the bidders. WF contends that it has the better offer.

49.     On that same day, May 11, 2018, JSC informed of the cancelation for the aforementioned bid. WF presented its opposition.

50.     The cancelation request by the JSC was due to the petition made by Maria Christian, PRDE's Sub-Secretary for Academic Affairs made on May 7, 2018.  Maria Christian wrote to the JSC requesting that the bids be cancelled due to delays in the bids process, due to the Hurricanes Irma and Maria and that there would not be enough time to train the teachers, and deliver the materials needed. That letter, without any other evidence is the only reason for the cancelation. This is without any opportunity to have any type of hearing on the matter.

51.     The JSC wrote on May 11, 2018 that the bids awarded would be cancelled alleging that the acquiring party had requested the cancelation.

52.     The cancelation was made only after WF was diligently using administrative processes to prove that the adjudication of parts #4 and 5 of that bid was erroneously awarded to another bidder.

53.     As it stood, the administrative process in that bid was such that on the last day that the internal organism of the PRDE, JRev. had to actually make a decision on that part of that bid, JSC notified JRev. of the cancelation of the bid.

54.     That action left JRev. without Jurisdiction on the matter, when it had no other choice but to confirm that WF's computer offer was fit with a Windows operating system configured with the capacity for Bluetooth 4.2 later as the update became available.

55.     JSC did not have to explain the reason to explain the documents presented by WF made by Lenovo as to the charging cart presented that it actually complied with the requirements, while the wining bidder did not.

**Status of the Bids disputed by WF**

56.     Since the beginning of the process of the aforementioned bids, the PRDE has failed to grant minimum due process to WF.

57.     The PRDE is engaged in tactics that have delayed judicial revision of the 2017-009 and 2018-001 bids. The PRDE failed to provide adequate notification of their decisions and actually were ordered by the TCA to remedy that situation and has failed to fully comply with that order. The result is to actually cause that the matter regarding those bids be considered as moot. That is what WF is seeking to avoid with this action.

**PRDE Regulations and their use on this case**

58.     The Acquisition, Purchase Bids Rules and Regulations of the PRDE, under its own procedures. Regulation No. 7040, in its section 65.1, provides that the adjudication of any bid can be cancelled if the acquiring entity proves that there is no longer a need for the product, but it cannot use a different method to acquire the same goods during the same fiscal year.

59.     This is a protection and limitation for budgetary purposes. Now, if the acquiring entity decides to request such goods it must get the authorization of the Secretary of the PRDE or the sub secretary for administration.

60.     The Fiscal year in Puerto Rico goes from July 1, through June 30, 2018. However the Fiscal year for the federal government and its funds go from October 1 thru September 30, 2018. Since the origin of these funds is federal, it must be concluded that those funds could expire on or about September 30, 2018.

61.     Any use of those Federal Funds must have the authorization of the Secretary of the PRDE or the Sub Secretary for administration, according to the PRDE regulation 7040 and

the Federal laws that govern those procedures.

.        **B.  <u>Request for Proposal (RFP) PRDE-OSIATD-FY2018-001</u>.**

62.    The above referenced RFP#1 was published and presented for publication on June 13, 2018, in which the purpose as stated in the RFP was to select proposals in accordance with the Technology Plan approved by the US Department of Education on May 1st, 2015. **Exhibit 2**. (RFP page 1). The objective informed was to provide mobile devices to students and educators, considering lease options for said equipment. According to the RFP, the funding was granted by the Federal Government. According to the RFP, on April 30, 2018, The Department of Education announced new disaster relief funding for schools under the Federal Immediate Aid to Restart School Operations (RESTART). Those funds were awarded to State Educational Agencies (SEAs) with students impacted by Hurricanes Irma and María in 2017. The final purpose was to help defray expenses related to restarting school operations and restoring the normal learning environment for students and families affected by the hurricanes and wildfires. The RFP states that the Puerto Rico Department of Education (PRDE) was awarded $589 million in Restart funding. RFP page 3.

63.    The RFP established a timeline for the upcoming events, and were originally presented:

> Publication and Release of RFP -June 13, 2018
> Deadline for submitting RFP Questions -10am June 22, 2018
> Pre-Proposal Proposer Conference –10am -June 28, 2018
> Deadline for Submitting Letters of Intent -12noon July, 5, 2018
> Deadline for Submitting Proposals -12noon, July 12, 2018
> Selection of 3 Proposer Finalists and Presentations and Product Demonstrations by Finalists

64.    WF Computer Services submitted questions related to the RFP according to the information gathered at the original RFP and was present at the Pre-Proposal Proposer

Conference, along with several other interested companies. **Exhibit 3**

65.     Even though representatives from big companies were present at that meeting, the PRDE did not change or modify the RFP or gave any indication that it would do so.

66.     Those meetings are intended to bring solutions by the experts in the field, usually helps the agency in modifying its goal and guaranteeing the best offers at a fair market value. This usually happens by prompt changes in the procurement request.

67.     This was not the case, even though the attendees alerted that the leasing part of the RFP was substantial and that it needed more time to elaborate and development due to the early termination clauses in the RFP.

68.     At the end of that meeting, there were more than 20 pages of answers to questions posted by several of the attendants, and it was clearly stated that no extensions would be granted under no circumstances to any of the dates stated and that no changes would be made to the RFP. At that meeting, on at least 3 occasions, the PRDE stated that it did not intend to extend the July 12, deadline.  **Exhibit 4**.

69.     On July 5, 2018, WF Computer presented its letter of intent in accordance with the RFP, and received confirmation by email**.   Exhibits 5 and 6**.

70.     On July, 6, there were some changes, by the PRDE to the RFP, changing several aspects, with the publishing of addendum 1 and addendum 2, regarding the extension of time for the RFP submittal). **Exhibits 7 and 8**.  This is significant, since the deadline (July 5) passed on possible bidders, as expressed in the June 28 meeting that there was not enough time for complying with the July 12, 2018 date that was repeatedly informed as not changeable. The PRDE did not extend the July 5, 2018 deadline in order to accommodate other bidders that were

left out.

71.     There were other changes made to the proposal, by addendums 3 and 4, which had the effect of changing all of the financial requirements that are mandatory for the RFP. Any changes made have an economic impact on the interested parties that need financial procedures that have to be followed. **Exhibits 9, and 10**

72.     There is no way of knowing the origin of the changes and clarifications later presented by the PRDE, but it was revealed that the deadline extension was made by HP, but the record is not clear as to the date of that request for extension. The supplemental questions and a complete readout on the official page of the PRDE, has changes all the way up to July 13, 2018. This is, barely adequate time to work on an RFP of this scope. (**Exhibits 11 and 12**). The communications made by other proposers have not been revealed.

73.     WF presented its objections regarding the defective procurement of the RFP in writing before the deadline. **Exhibits 13 and 14**.

74.     After taking a look at the RFP#1, it is clear that some of the items described in pages 8, 9, 12-14, 19-20 of the RFP have origins in the bids that were not awarded to WF. The similarities between the bids in question and the RFP#1 was made by WF in the June 28, meeting and the PRDE did not refute the similarity of the equipment. In fact, there was a number used in the RFP that was used in the aforementioned bids.

75.     As an example, page 19 and 20 refer to those same charging carts previously discussed in bids 2017-009 and 2018-001. This is a perfect example of acquiring the same goods and services prohibited by the PRDE regulations during the same fiscal year.

76.     Those bids are significant, since there is an administrative procedure still pending, in which those items now being solicited thru this RFP#1 are the ones that should have been contracted by the PRDE and WF.

77.     The entire bid process was a collection of many amendments initiated by the lack of information by the PRDE, and it was only due to the questions and emails that WF sent, that some of those errors were corrected. It was well documented by WF in the administrative proceedings.

78.     The Acquisition, Purchase Bids Rules and Regulations of the PRDE, under its own procedures. Regulation No. 7040, in its article 4, requires the agency to follow the federal rules and regulations under 34 CFR 80.36 for the procurement of goods and services in any process to obtain such goods and services such under the RFP#1.

79.     The PRDE did not follow those procedures as well as those same Federal Regulations.

80.     The PRDE has not shown the authorization to acquire the same items related to bids 2017-009 and 2018-001. That authorization is necessary. 1

81.     The RFP#1 requires intensive study and many components that should have been taken into account in order to guarantee a fair opportunity for interested parties to prepare.

82.     The session of questions presented on June 28, 2018, clearly demonstrates a concern from possible suitors as to the issue of leasing equipment, and the costs associated with such lease. It also presented several technical questions that were not addressed.

83.     The amount of equipment and the bond requirements, almost guarantee that the

---

1 The bids in question are the ones resolved by the Puerto Rico Court of Appeals. The PRDE has

project could be worth several of the 589 million dollars granted by the federal government and as such, the financial institutions that provide those bids would need several meetings and a lot more time to actually provide the amounts required by the PRDE.

84.     WF contends, as well as many other local distributors of recognized brands, that no local institution or company can actually accomplish this as long as the RFP stays as it is written, or if there is, it would be against the rules of procurement of federal funds and the PRDE.

85.     Allowing the PRDE to continue with the ongoing process of the RFP will deprive the opportunity of WF to survive in the ever devastating economy in Puerto Rico. It would also undermine the competitive process of the free market society and capitalism that helps local businesses flourish since it gives all of them a fair chance to compete and helping the consumer by keeping the process competitive.

86.     The public interest in keeping free market value and competition and not allowing long standing companies.

87.     The Since this RFP is based on Regulation Number 7040, it must be noted, that the procedures used are not appropriate and even the RFP process is not in accordance with the regulation. Sections 13.1.1 in regards to informal bids or 13.3.3 for specialized items under Regulation 7040; were not used or followed in a way that allows a company that should have been legally under contract with the PRDE a fair share at competing on this RFP for other items. Since WF presented a formal protest on July 19, 2018 requesting curative measures by the PRDE on the RFP, and no answer has been presented, the only recourse is this proceeding before this

_____

failed to comply with the order of that Court.

Honorable Court.

88.     WF has a substantial probability of prevailing in this matter, since the RFP does not conform to the legal standards and the PRDE has taken no action to remedy the RFP.

89.     Perhaps, the biggest factor in the reasoning for this relief sought out by the plaintiff under the public interest that permeates the actions by any Governmental agency is that it would be the only way to guarantee the proper use of public funds, and to provide the public schools with the best resources available at a time where the schools are still under reconstruction.

    **C.  Request for Proposal (RFP) PRDE-OSIATD-FY2018-002.**

90.     The PRDE notified of the cancellation of the RFP#1 after the filing of this cause of action and after a request of an extension of time to answer the complaint. **Exhibit Number 15**.

91.     The above referenced RFP#2 was published and presented for publication on August 17, 2018, in which the purpose as stated in the RFP was to select proposals in accordance with the Technology Plan approved by the US Department of Education on May 1st, 2015. **Exhibit 16** . (RFP#2 Letter by MOrtiz). The objective informed was to provide mobile devices to students and educators, considering lease options for said equipment. According to the RFP, the funding was granted by the Federal Government. According to the RFP, on April 30, 2018, The Department of Education announced new disaster relief funding for schools under the Federal Immediate Aid to Restart School Operations (RESTART). Those funds were awarded to State Educational Agencies (SEAs) with students impacted by Hurricanes Irma and María in 2017. The final purpose was to help defray expenses related to restarting school operations and

restoring the normal learning environment for students and families affected by the hurricanes and wildfires. The RFP states that the Puerto Rico Department of Education (PRDE) was awarded $589 million in Restart funding. RFP#2 page 2-3.

92.    The RFP established a timeline for the upcoming events, and were originally presented:

Publication and Release of RFP –August 17, 2018
Deadline for submitting RFP Questions – September 4, 2018
Pre-Proposal Proposer Conference –10am –September 7, 2018
Deadline for Submitting Letters of Intent –September 14, 2018
Deadline for Submitting Proposals –September 28, 2018
Selection of 3 Proposer Finalists and Presentations and Product Demonstrations by Finalists

93.    WF Computer Services submitted questions related to the RFP according to the information gathered at the original RFP and was present at the Pre-Proposal Proposer Conference, along with several other interested companies. **Exhibit 17**

94.    Even though representatives from big companies were present at that meeting, the PRDE did not change or modify the RFP or gave any indication that it would do so.

95.    Those meetings are intended to bring solutions by the experts in the field, usually helps the agency in modifying its goal and guaranteeing the best offers at a fair market value. This usually happens by prompt changes in the procurement request.

96.    This was not the case, even though the attendees alerted that there were many questions left unanswered and that it might change the RFP, but that the assistance of the companies participating was needed, even though there was no clear indication as to the terms of payment and deployment of the equipment, among many other things.

97.    At the end of that meeting, there were more than many pages of answers to questions posted by several of the attendants, and it was clearly stated that no extensions would

be granted under no circumstances to any of the dates stated and that no changes would be made to the RFP.  It was clear that further clarifications were needed and some questions left unanswered.

98. WF did ask why there was nobody from the Junta de Subastas present at the meeting, and why it was not clear as to the legal precedent of this RFP, and the PRDE limited its participation to announce that the Regulation 7040 did not apply to this RFP and that it was sufficient with the information provided and that checking with the legal department, it was clear that the PRDE could waive the due process guaranteed by their own regulations.

99. On September 14, 2018, WF Computer presented its letter of intent in accordance with the RFP, and received confirmation by email.   **Exhibits 18, 19**.

100. On Several dates, there were changes, by the PRDE to the RFP#2, changing several aspects, with the publishing of several addendums 1 and addendum 2, regarding the extension of time for the RFP submittal, equally failing to use the PRDE regulations on these matters). **Exhibits 20, 21, 22, 23, 24**.

101. There were other changes made to the proposal, by addendums 3 and 4, which had the effect of changing all of the financial requirements that are mandatory for the RFP. Any changes made have an economic impact on the interested parties that need financial procedures that have to be followed. **Exhibits 20 and 21.**

102. There is no way of knowing the origin of the changes and clarifications later presented by the PRDE, and that the PRDE actually failed to guarantee that the RFP would use the open bid process requirements that have been mandated by the Puerto Rico Supreme The communications made by other proposers have not been revealed.

103.    WF presented its objections regarding the defective procurement of the RFP in writing with its questions in writing and in the open questions process before the deadline, as well as with the filing of this Amended Complaint.

104.    After taking a look at the RFP#2, it is clear that some of the items described in pages 10, 12-17, 20-25 of the RFP have origins in the bids that were not awarded to WF. The similarities between the bids in question and the RFP#2 was made by WF in the September 7, 2018 meeting.

105.    As an example, page 14-14, 20-21 refer to those same charging carts previously discussed in bids 2017-009 and 2018-001. This is a perfect example of acquiring the same goods and services prohibited by the PRDE regulations during the same fiscal year.

106.    Those bids are significant, since there is an administrative procedure still pending, in which those items now being solicited thru this RFP#1 are the ones that should have been contracted by the PRDE and WF. It is still pending due to the lack of due process by the PRDE.

107.    The entire bid process was a collection of many amendments initiated by the lack of information by the PRDE, and it was only due to the questions and emails that many providers used that some of those errors were corrected. It was well documented by WF in the administrative proceedings.

108.    A very important detail is the fact that the RFP#2 and the meeting on September 14, 2018, is actually organized, directed and handled by a private company used by the PRDE, not by the Junta de Subastas, that is actually ordered by Law and regulation to do so.The Junata de Subastas has the legal obligation to handle this process, and was not present at the meeting, was not the entity that actually presented the RFP, or is the one that actually would benefit the

participants.

109. ConnectED Consulting Services LLC is the company that was running the September 14, 2018, session and was the lead in all of this process, bypassing the legal regulations of the PRDE.

110. ConnecED is not subject to legal limitations that the Junta de Subastas is under, and actually is a way for the PRDE to circumvent legal standards that guarantee open and fair competition.

111.    The Acquisition, Purchase Bids Rules and Regulations of the PRDE, under its own procedures. Regulation No. 7040, in its article 4, requires the agency to follow the federal rules and regulations under 34 CFR 80.36 for the procurement of goods and services in any process to obtain such goods and services such under the RFP#1.

112.    The PRDE did not follow those procedures as well as those same Federal Regulations.

113.    The PRDE has not shown the authorization to acquire the same items related to bids 2017-009 and 2018-001. That authorization is necessary. 2

114.    The RFP#2 requires intensive study and many components that should have been taken into account in order to guarantee a fair opportunity for interested parties to prepare.

115.    The session of questions presented on September 14, clearly demonstrates a concern from possible suitors as to the issue of leasing equipment, and the costs associated with such lease. It also presented several technical questions that were not addressed.

116.    The amount of equipment and the bond requirements, almost guarantee that the

---

2 The bids in question are the ones resolved by the Puerto Rico Court of Appeals. The PRDE has

project could be worth several of the 589 million dollars granted by the federal government and as such, the financial institutions that provide those bids would need several meetings and a lot more time to actually provide the amounts required by the PRDE.

117.    WF contends, as well as many other local distributors of recognized brands, that no local institution or company can actually accomplish this as long as the RFP stays as it is written, or if there is, it would be against the rules of procurement of federal funds and the PRDE.

118.    Allowing the PRDE to continue with the ongoing process of the RFP will deprive the opportunity of WF to survive in the ever devastating economy in Puerto Rico. It would also undermine the competitive process of the free market society and capitalism that helps local businesses flourish since it gives all of them a fair chance to compete and helping the consumer by keeping the process competitive.

119.    The public interest in keeping free market value and competition and not allowing long standing companies.

120.    The Since this RFP is based on Regulation Number 7040, it must be noted, that the procedures used are not appropriate and even the RFP process is not in accordance with the regulation. Sections 13.1.1 in regards to informal bids or 13.3.3 for specialized items under Regulation 7040; were not used or followed in a way that allows a company that should have been legally under contract with the PRDE a fair share at competing on this RFP for other items. Since WF presented a formal protest on July 19, 2018 requesting curative measures by the PRDE on the RFP, and no answer has been presented, the only recourse is this proceeding before this

---

failed to comply with the order of that Court.

Honorable Court.

121.    WF has a substantial probability of prevailing in this matter, since the RFP does not conform to the legal standards and the PRDE has taken no action to remedy the RFP.

122.    Perhaps, the biggest factor in the reasoning for this relief sought out by the plaintiff under the public interest that permeates the actions by any Governmental agency is that it would be the only way to guarantee the proper use of public funds, and to provide the public schools with the best resources available at a time where the schools are still under reconstruction.

## V.  <u>CAUSES OF ACTION</u>.

### FIRST CAUSE OF ACTION

### [DECLARATORY RELIEF]

123.  The allegations contained in paragraphs 1 through 122 of this Verified Complaint are incorporated herein by this reference as if again fully set forth by Plaintiff WF.

124.  The PRDE, through its agents, officers and process has violated the rights of WF by undermining the bidding process and leaving WF without any other remedy under the law.

WHEREFORE, Plaintiff WF Computer Services respectfully requests that this Honorable Court enter a judgment DECLARING:

A. that items in Bids 2017-009 be removed from the RFP#2.

B. that items in Bids 2018-001 be removed from the RFP#2.

C. That the RFP#2 as written should be declared null and void and that a new one should be prepared by the PRDE, without the equipment already won by plaintiff in bids 2017-

009 and 2018-001.

## SECOND CAUSE OF ACTION

## [TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF]

125.  The allegations contained in paragraphs 1 through 124 of this Verified Complaint are incorporated herein by this reference as if again fully set forth by Plaintiff WF.

126.  That the RFP#2 did not meet the standards set forth under the law and that it must be vacated.

127.  As set forth in the Memorandum of Law in Support of Plaintiff WF's Motion for Temporary, Preliminary, and Permanent Injunctive Relief filed contemporaneous with this Verified Complaint, the continuance of the RFP#2 as it is, would cause irreparable harm to the plaintiff.

128.  Given the irregular, defective and contrary to law acts by the PRDE, in order to vacate the bids and transfer them to an RFP#2, WF has a substantial probability of prevailing on the merits of obtaining a permanent injunction to stop such conduct.

WHEREFORE, in view of the foregoing, Plaintiff WF Computer Services respectfully requests that this Honorable Court enter temporary, preliminary, and permanent injunctive relief as follows:

A.  ENJOINING defendants from in any way, directly or indirectly, continuing with the selection process of the current RFP#2.

B.  ENJOINING defendants from allowing the equipment from bids 2017-009 and 2018-001 set forth in the RFP#2 to continue in a future acquisition process.

C.  MANDATING/ORDERING defendants to sign contract under bids 2017-009

and 2018-001.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, on October 11, 2018.

RODOLFO G. OCASIO BRAVO
PMB 188
#5900 ISLA VERDE AVE. L2
CAROLINA, PR 00979-4901
787-448-1244
licenciadoocasiobravo@gmail.com

By:  *S/* RODOLFO G. OCASIO BRAVO
U.S.D.C. No. 213208
Attorneys for WF Computer Services