UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WF COMPUTER SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.<br><br>Defendants | CIVIL NO. 18-1513 (JAG) |

MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(1) and 12(b)(6)

TO THE HONORABLE COURT:

Come now the Commonwealth of Puerto Rico through their undersigned counsel and respectfully state and pray:

INTRODUCTION

On October 12th, 2018, Plaintiff filed the Verified Amended Complaint in the instant case. Plaintiff alleges improprieties in a solicitation of bids by the Defendants and an alleged continuing pattern of irregular procedures in the internal process of bid adjudication and resolution, and the continuation of the Requests for Proposal (RFP) PRDE-OSIATD-FY2018-001 and PRDE-OSIATD-FY2018-002.

Plaintiff specifically alleges that he was not awarded bids SF(OC)2017-009, adjudicated on October 20, 2017. The part of the bid that the plaintiff participated in was awarded to Computerlink.[1] The Plaintiff contested the process using the internal administrative process of the Department of Education, which Plaintiff conclusorily catalogued as resulting in questionable decisions by the Department. Plaintiff also participated in bid SF(OC)2018-001. On March 23, 2018, said bid was adjudicated. The Plaintiff was not satisfied with said adjudication, and used the administrative process and filed a revision on April 11, 2018.[2]

On May 11, 2018, the Plaintiff was informed by the Department of Education informed the plaintiff of the cancellation of said bids.[3] Therefore, they were not finally adjudicated to anyone.

Plaintiff also alleges that he participated in the bid for (RFP) PRDE-OSIATD-FY2018-001. He further alleges that some of the items included in the proposal are almost identical to the ones in bids 2017-009 and 2018-001. This RFP was cancelled by the Secretary of Education, Dr. Julia Kelleher, on July 25, 2018. This cancellation was properly notified to the plaintiff as to all other bidders.

---

[1] See Verified Amended Complaint at page 3.
[2] Id., at pages 3-4.
[3] Id.

Plaintiff further alleges similar irregularities for (RPF) PRDE-OSIATD-FY2018-002. Furthermore, Plaintiff alleges that there is a pending state administrative proceeding regarding this issue.[4]

In order to bring this suit, Plaintiff conclusorilly alleges that the items in the aforementioned bids should have been contracted by the PRDE and it. Furthermore, and without any evidence to that effect, the plaintiff alleges that he feels that there was undue favoritism.[5]

On August 17, 2018, the PRDE published a Request for Proposal (RPF) PRDE-OSIATD-FY2018-002. The purpose was to select proposals in accordance with the Technology Plan approved by the US Department of Education. Its objective was to provide mobile devices to students and educators, considering lease options for said equipment.

Regarding this RPF, Plaintiff alleges that he presented its letter of intent, and received confirmation by e-mail.[6] As part of RFP #2, the PRDE required several bonds, which the plaintiff allege are unreasonable and are an undue financial burden upon him, which allegedly would limit the possibility of better competition an compliance with the applicable standards and provisions of the "Acquisition, purchase bids rules and

---

[4] Id., at page 29, ¶106.
[5] Id., at page 7.
[6] Id., at page 9.

regulations of the PRDE".[7] Plaintiff claims that these required bonds are "not in accordance with the best fiscal practices, since most companies that attended the Pre-Proposal Conference provide 3 year manufacturer's guarantee for their product." This requirement, plaintiff alleges "causes irreparable harm to WF, ..., basically excluding them from participating in further contractual with the PRDE, since the selected proposers would have a tight grip on the PRDE."[8]

Plaintiff further speculates and contends "that no local institution or company can actually accomplish this as long as the RFP stays as it is written, or if there is, it would be against the rules of procurement of federal funds and the PRDE."[9] Plaintiff can only contend this as to itself, not as to any other local institution that is not a plaintiff in this case. As to any other "local institution" this contention is mere speculation. "Allowing the PRDE to continue with the ongoing process of the RFP will deprive the opportunity of WF to survive in the ever devastating economy in Puerto Rico."[10] What can be read from these last two allegations by the plaintiff, is that he is seeking for the Court to order the PRDE to adjust the RFP so he can not only "compete", but also that the RFP is awarded to him so he "can survive" in this ever devastating economy.

For the reasons discussed below, the instant case should be DISMISSED WITH PREJUDICE by this Honorable Court.

---

[7] Id., at page 10.
[8] Id., at page 12.
[9] Id., at page 31, ¶117.
[10] Id., at page 31, ¶118.

STANDARD UNDER FEDERAL RULE OF

CIVIL PROCEDURE 12 (b)(1)

A defendant may move to dismiss an action against him under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are obligated to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case. Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14 (1st Cir. 2013) (citations omitted). Moreover, it is "black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) (citations omitted).

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Northeast Erectors Ass'n of BTEA v. Secretary of Labor, Occupational Safety & Health Admin., 62 F.3d 37 (1st Cir. 1995) (citing 5A Charles Wright & Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 1350, at 210 (2d ed. 1990)). "It is not simply formalistic to decide the jurisdictional issue when the case would be dismissed in any event for failure to state a claim. Different consequences flow from dismissals under 12(b)(1) and 12(b)(6): for example, dismissal under the former, not being on the merits, is without res judicata effect." Northeast Erectors, 62 F.3d at 39 (citing 2A James Moore, et al., MOORE'S FEDERAL PRACTICE § 12.07, at 12-49 & n. 3 (1993)).

"When a defendant moves to dismiss for lack of federal subject matter jurisdiction, 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). Subject-matter jurisdiction is properly invoked when a colorable claim "arising under" the Constitution or law of the United States is pled. 28 U.S.C. § 1331; Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (internal citation omitted). Usually, a claim arises under federal law if a federal cause of action emerges from the face of a well-pleaded complaint. See Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1988) (internal citations omitted).

Rule 12(b)(1) provides a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). A movant may base a challenge to the sufficiency of the plaintiff's assertion of subject matter jurisdiction solely on the pleadings. Id. at 363. In that case, we take the plaintiff's "jurisdictionally-significant facts as true" and "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. at 363; see Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co., 215 F.3d 195, 197 (1st Cir. 2000).

This analysis is necessary because "[a] court's authority to hear a particular case is a necessary precondition to the proper performance of the judicial function. Thus, when a fact bound jurisdictional question looms, a court must be allowed considerable leeway in

weighing the proof, drawing reasonable inferences, and satisfying itself that subject-matter jurisdiction has attached." Valentín, 254 F.3d at 364 (citing Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir.1981)).

## MOOTNESS

The starting point for analysis is the familiar proposition that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." De Funis v. Odegaard, 416 U.S. 312, 316, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974)(quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)). To be cognizable in a federal court, a suit "must be definite and concrete, touching the legal relations of parties having adverse legal interests. ... It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971)(quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-241 (1937)). However, "moot questions require no answer." Id. (quoting Missouri, Kansas & Texas R. Co. v. Ferris, 179 U.S. 602, 606 (1900)). Mootness is a jurisdictional question because the Court "is not empowered to decide moot questions or abstract propositions, id. (quoting United States v. Alaska S. S. Co., 253 U.S. 113, 116 (1920); California v. San Pablo & Tulare R. Co., 149 U.S. 308, 314 (1983)); our impotence "to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Id. (quoting Liner v. Jafco, Inc., 375

U.S. 301, 306 n. 3 (1964); <u>Powell v. McCormack</u>, 395 U.S. 486, 496 n. 7 (1969)). Even in cases arising in the state courts, the question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction. <u>Id.</u> (quoting <u>Henry v. Mississippi</u>, 379 U.S. 443, 447 (1965); <u>Liner</u>, 375 U.S. at 304).

When a case is moot – that is, when the issues presented are no longer live or when the parties lack a generally cognizable interest in the outcome – a case or controversy ceases to exist, and dismissal of the action is compulsory." <u>Redfern v. Napolitano</u>, 727 F. 3d 77, 83-84 (1st Cir. 2013)(quoting <u>Maher v. Hyde</u>, 272 F.3d 83, 86 (1st Cir. 2001)).

The "capable of repetition, yet evading review" exception to the mootness doctrine is well established, although it is construed narrowly. <u>Id.</u> (quoting <u>Barr v. Galvin</u>, 626 F.3d 99, 105-06 (1st Cir. 2010)). According to the Supreme Court, the party arguing for the exception has the burden of showing that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation or a demonstrated probability that the same complaining party will be subject to the same action again." <u>Id.</u> (quoting <u>FEC v. Wis. Right To Life, Inc.</u>, 551 U.S. 449, 462, 127 S. Ct. 2652, 168 L. Ed. 2d 329 (2007)); see also, <u>Barr</u>, 626 F.3d at 105-06.

Plaintiff's claims in the instant case are clearly moot, being that all of the bids Plaintiff conclusorily claims should have been awarded to him were cancelled by the Secretary of Education. Furthermore, Plaintiff would fail to establish the second prong of the exception, since any claim that the Secretary would open another RFP with the same specific items

required, in the same amount and with the same specifications for the same purpose and programs are clearly beyond speculative.

Moreover, looking at the relief requested in page 24, being that the bids and the RFPs have already being cancelled, the Honorable Court could not be able to award any of them. Therefore, it is respectfully requested that this Honorable Court DISMISSES WITH PREJUDICE the instant case.

## COLORADO RIVER ABSTENTION

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction and resolve matters properly before them. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). The United States Supreme Court, however, has held that a federal court can decline the exercise of jurisdiction upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C—O—Two Fire Equipment Co., 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200, 1952 Dec. Comm'r Pat. 407 (1952)). However, "[t]he crevice in federal jurisdiction that Colorado River carved is a narrow one." Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 27 (1st Cir. 2010). The decision "to yield jurisdiction under the Colorado River doctrine must rest on the clearest of justifications displayed by exceptional circumstances." Nazario-Lugo v. Caribevisión Holdings, Inc., 670 F.3d 109, 116 (1st Cir. 2012) (citing Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983);

Colorado River, 424 U.S. at 818-19)).

To determine if abstention is proper, the Court must assess whether "the actions in the state and federal forums are parallel" and whether this case presents exceptional circumstances that "tip a scale heavily weighted in favor of the exercise of federal jurisdiction"—the Colorado River analysis. Alexandrino, 573 F. Supp. 2d at 473-74 (D.P.R. 2008) (citation omitted); and Nazario-Lugo, 670 F.3d at 115 (1st Cir. 2012). Over the years, federal case law has collected a series of factors that help a district court make this determination. To wit:

1. whether either court has assumed jurisdiction over a res;

2. the geographical inconvenience of the federal forum;

3. the desirability of avoiding piecemeal litigation;

4. the order in which the forums obtained jurisdiction;

5. whether state or federal law controls;

6. the adequacy of the state forum to protect the parties' interests;

7. the vexatious or contrived nature of the federal claim;

8. respect for the principles underlying removal jurisdiction.

Nazario-Lugo, 670 F.3d at 115. This list is not exhaustive, and no single factor is determinative.

In the Amended Verified Complaint, plaintiff asserted that the claims object to the instant case are already ending before a state administrative forum.[11] Furthermore, as discussed below, from an examination of the allegations, it can be concluded that the plaintiff

---

[11] Id., at page 29, ¶106.

has failed to articulate that he has been deprived of a liberty of property interest protected by the United States Constitution that grants him due process of law as plaintiff contends the PRDE owes him, or that he has been subjected to an equal protection violation. Based on these circumstances, it must be concluded that this is a state law claim not a federal law claim.

Being that these allegations are already filed and pending, this Honorable Court should abstain from this case in order to avoid the risk of piecemeal litigation and the possibility of inconsistent results regarding the same controversy. Therefore, the instant case should be DISMISSED WITH PREJUDICE.

STANDARD UNDER FEDERAL RULE OF

CIVIL PROCEDURE 12 (b)(6)

Under the Federal Rules of Civil Procedure a defendant may, in response to an instant pleading, submit a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6). The Court must accept as true any well-pleaded allegations in the complaint and draw all reasonable inferences therefrom in plaintiff's favor. Correa Martínez v. Arrillaga Beléndez, 903 F. 2d 49, 51 (1st Cir. 1990). However, the Court need not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115 (9th Cir. 1992).

The primary purpose of a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) is to challenge the legal theory, not the sufficiency of any evidence that might be adduced.

Advanced Cardiovascular v. Scimed Life, 988 F.2d 1157 (1993). To survive a motion to dismiss, a complaint must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. See Berner v. Delahanty, 129 F. 3d 20 (1st Cir. 1997); Gooley v. Mobil Oil Corp., 851 F. 2d 513 (1st Cir. 1998). As stated before by this Honorable Court, in Escabi v. Puerto Rico, Civ. No. 02-1627 (PG), "Plaintiff, however, **may not rest merely on unsupported conclusions or interpretations of law. Subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts will not defeat a motion to dismiss"** (quoting Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993) and Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992)).

While the Court must comply with the standard of making all inferences in favor of Plaintiffs, it is not obligated to "swallow the plaintiff's invective hook, line and sinker, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996); Doyle v. Hasbro, Inc., 103 F. 3d 186 (1st Cir. 1996); Mass. School of Law at Andover v. American Bar, 142 F. 3d 26 (1st Cir. 1998). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all well-pleaded allegations in the complaint are true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). "In general, it is improper for a court to consider hearsay statements when ruling on a motion to dismiss." Beydoun v. Wataniya Rests. Holding, Q.S.C., 768 F.3d 499 (6th Cir. 2014).

Dismissal for failure to state a claim is warranted if it clearly appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957).

Thus, Plaintiffs must, and are required to, present allegations that nudge their claims across the line from conceivable to plausible in order to comply with the requirements of Rule 8(a). Ashcroft v. Iqbal, 556 U.S. 662 (2009).

On the other hand, it is well established that an affirmative defense may properly be raised in a motion to dismiss. Blackstone Realty, LLC v. F.D.I.C., 244 F. 3d 193 (1st Cir. 2001).

In the instant case, Plaintiff clearly rests his claims on the conclusory idea that the Department of Education should have awarded him the bids, and that he feels that the reason for awarding the bids to other corporations was due to favoritism.[12] Therefore, being that the Plaintiff hooks his claim upon sheer speculation and conclusory ideas, this Honorable Court should not take his allegations as true, but instead DISMISS WITH PREJUDICE the instant complaint.

## 42 U.S.C. § 1983 STANDARD

Plaintiffs bring this civil rights action pursuant to 42 U.S.C. § 1983.[13] As it is well established, § 1983 creates no independent substantive rights, but is merely the vehicle

---

[12] See, Id. at page 7.

[13] 42 U.S.C. §1983 provides, in relevant part, as follows:

by which the deprivation of rights guaranteed by the Constitution or the laws are vindicated against governmental actors. Albright v. Oliver, 510 U.S. 266, 271 (1994); Davis v. Rennie, 264 F.3d 86, 97 (1st Cir. 2001)(citing Graham v. Connor, 490 U.S. 386, 393-394 (1989)). The specific right alleged to have been violated must be identified. See Davis v. Rennie, 264 F.3d at 97.

In order to obtain relief under § 1983 a plaintiff must thus first prove that some person (within the meaning of the statute) has deprived her of a federal right and that the person acted under color of law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniel v. Williams, 474 U.S. 327, 330-331 (1986); Gómez v. Toledo, 446 U.S. 635, 640 (1980); Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 621 (1st Cir. 2000); Gutiérrez-Rodriguez v. Cartagena, 882 F.2d. 553, 559 (1st Cir. 1989); and Hoffman v. Mercado, 392 F.Supp.2d 148, 155-156 (D.P.R. 2005).

Second, Plaintiff must show that a particular defendant's conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. See Parratt, 451 U.S. at 535; and Gutiérrez-Rodríguez, 882 F.2d at 559. This second prong of the inquiry has two elements. The first element requires that there was in

---

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

fact a deprivation of rights, privileges or immunities secured by the Constitution or laws of the United States. See Voutour, 761 F.2d at 819. The second element requires a Plaintiff to show that a defendant's conduct caused this deprivation. See Id. at 819; and Jimenez-Gonzalez v. Alvarez-Rubio, 683 F.Supp.2d 177, 181 (D.P.R. 2010)(García-Gregory, U.S. District J.).

A Plaintiff must establish for each defendant that his/her own actions deprived that plaintiff of protected rights. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-1949 (2009). Each plaintiff is compelled to indicate any personal action by each defendant within the scope of their responsibility that would make each defendant personally answerable to that plaintiff in damages under § 1983. Thus, "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. at 1949. See also, Soto-Torres v. Fraticelli, 654 F.3d 153, 158, n. 7 (1st Cir. 2011).

In the instant case, the plaintiff fails to establish a constitutional right that Defendants allegedly violated. Plaintiff merely mentions that he files the instant case under section 1983. Furthermore, from its own allegations, Plaintiff fails to show that his rights have been deprived by the Defendants, being that his claims rest merely upon his understanding that the Department of Education should have awarded him the bids that were later cancelled by the Secretary of Education, but which were awarded to another company because of favoritism.[14] As per Plaintiff's own allegations, he lacks a property right upon the award of the

---

[14] See Complaint at page 7.

bids, and has failed to establish that it had a realistic expectancy of any property right on the award of the bids. Therefore, this Honorable Court should DISMISS WITH PREJUDICE the instant case.

## ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend **to any suit in law or equity**, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Accordingly, it is well-settled that the Eleventh Amendment bars suits against a state by individuals. *See e.g.,* Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  (Emphasis ours.)

The "Eleventh Amendment has … been interpreted to bar suits for monetary relief against the agencies or instrumentalities of a state and against its officers in their official capacities." Cruz v. Puerto Rico, 558 F.Supp.2d 165, 173–75 (D.P.R.2007)(citing Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).  Accordingly, a "suit against a state official in his or her official capacity is not a suit against the official [but] rather is a suit against the official's office … [and] is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *see* Edelman, 415 U.S. at 663, 94 S.Ct. 1347 (The Eleventh Amendment bars private parties from bringing

suits "to impose liability which must be paid from public funds in the state treasury," regardless of whether the state is explicitly named in the suit.)

The Supreme Court and the First Circuit has already determined that the Eleventh Amendment applies to Puerto Rico; thus, any private suit against its officers acting in their official capacities for monetary damages in federal court is barred. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); Jusino Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34 37 (1st Cir.2000); Negron Gaztambide v. Hernandez Torres, 145 F.3d 410 (1st Cir.1998). Thus, the Eleventh Amendment "bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico, and by the same token, it bars recovery of damages in official capacity suits brought against Puerto Rico officials." Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 516 (1st Cir.1987) (internal citation omitted).

Being that the Plaintiff is requesting damages from the Department of Education and the Commonwealth of Puerto Rico, which are not allowed under the Eleventh Amendment, it is respectfully requested that this Honorable Court DISMISSES WITH PREJUDICE the monetary claims against the appearing defendants.

## PLAINTIFF'S DUE PROCESS CLAIMS

In order to establish a due process claim, a plaintiff must articulate a legal basis for their claim that qualifies as a property interest. The threshold question in a due process

inquiry "is whether plaintiffs were deprived of a liberty or property interest protected by the United States Constitution." <u>Aponte-Rosario v. Acevedo-Vilá</u>, 617 F.3d 1, 9 (1st Cir. 2010). Plaintuffs are required to "identify a 'legitimate claim of entitlement' to the property in question – a claim of entitlement created and defined by 'existing rules or understandings that stem from an independent source such as state law.' " <u>Centro Médico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 8 (1st Cir. 2005).

Under Puerto Rico law, a bidder for a contract with the government does not acquire a property interest until the contract has been formalized. <u>Rocket Learning, Inc. v. Rivera-Sánchez</u>, 851 F. Supp. 2d 384, 395 (D.P.R. 2012) (citing <u>Cancel v. Municipio de San Juan</u>, 1 P.R. Offic. Trans. 416, 101 D.P.R. 296 (1973)( "... an agency has the right to revoke the award of a contract at any time before the corresponding contract is entered into, since a contract is not binding on an agency until formal contract containing all the legal requirements for the performance of the work is executed in writing.")).

In the instant case, plaintiff specifically alleges that he was not awarded the cancelled bids SF (OC) 2017-009 and SF (OC) 2018-001, nor was he awarded the cancelled (RFP) PRDE-OSIATD-FY2018-001, nor has he been awarded the pending (RFP) PRDE-OSIATD-FY2018-002. Therefore, he has no property interest in any of these Request for proposals. Furthermore, all that the plaintiff has alleged is that he **should have been awarded** some or all of the items included in SF (OC) 2017-009 and SF (OC) 2018-001. All of these are pending a state administrative proceeding. It follows that the plaintiff has no property interest in any

of these bids and/or contracts for services. Therefore, he fails to state a due process claim and it should be DISMISSED WITH PREJUDICE by this Honorable Court.

## CONCLUSION

Based on the arguments above discussed, the Defendants respectfully request that the Court DISMISSES WITH PREJUDICE the instant complaint.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court, who will send notification of such filing to the parties subscribing to the CM/ECF System.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 20th day of November, 2018.

WANDA VÁZQUEZ-GARCED
Secretary of Justice

WANDYMAR BURGOS-VARGAS
Deputy Secretary in Charge of Litigation

SUSANA PEÑAGARÍCANO-BROWN
Director of Federal Litigation and Bankruptcy
Division

*S/ Idza Díaz Rivera*
IDZA DÍAZ RIVERA
USDC No. 223404
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Email: idiaz@justicia.pr.gov